UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CLETUS ROBIN CLARKE,                           :
                                               :
                             Plaintiff,        :         ORDER
                                               :         10-CV-5115 (JG)
        -against-                              :
                                               :
DENALI PROPERTY GROUP LLC, et al.,             :
                                               :
                             Defendants.       :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

      By Order dated May 3, 2011, the Honorable John Gleeson referred plaintiff's motion for default judgment against defendants Denali Property Group, LLC, Joseph Scarpinito and John Scarpinito to me to report and recommend.[1]  Absent a further application by plaintiff, however, a determination of damages should be deferred to a later stage of this litigation for several reasons.

      First, in a multi-defendant case,

> where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.

*Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (internal quotation marks and citation omitted).  This principle derives from the Supreme Court's decision in 1872 in *Frow v. De La Vega*, 82 U.S. 552 (1872).  The *Frow* holding has been narrowed to cases involving true joint liability.  *Friedman v. Lawrence*, 1991 WL 206308, at *2 (S.D.N.Y. Oct. 2, 1991).  *See also Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 (2d Cir. 1976).

Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks

---

[1] Plaintiff also sought entry of default against defendants 6833 Shore Road Corp. and Denali Construction Corp., Docket Entries 22, 23, but the Clerk of the Court entered only the defaults of Denali Property Group, LLC, Joseph Scarpinito and John Scarpinito because plaintiff failed to provide affidavits of service of the amended complaints on 6833 Shore Road Corp. and Denali Construction Corp.

joint and several liability in order "'to avoid the problems of dealing with inconsistent damage determinations.'" *Lawrence v. Vaman Trading Co.*, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (quoting *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1261-62 (7th Cir. 1980)). *See also Bellet v. City of Buffalo*, 2010 WL 3522224, at *3 (W.D.N.Y. Sept. 8, 2010) (deferring inquest until liability of non-defaulting defendants resolved at trial); *Cho v. Koam Med. Servs., P.C.*, 524 F. Supp. 2d 202, 205 (E.D.N.Y. 2007) (hearing a damages inquest against all defendants after the bench trial of the appearing defendant in a FLSA action); *3947 Austin Blvd. Assocs. v. M.K.D. Capital Corp.*, 2006 WL 785272 (S.D.N.Y. Mar. 24, 2006) (concluding that assessment of damages against defaulting defendants was premature, even though defendants jointly and severally liable); *Montcalm*, 807 F. Supp. at 978 (same); *but see Int'l Gemmological Instit., Inc. v. Rafaeil*, 2005 WL 3880222, at *3 (S.D.N.Y. Aug. 17, 2005) (finding no reason to delay damages assessment despite concerns of inconsistency).

Determining the damages to be imposed against the defaulting defendants at this stage of the litigation would pose a risk of inconsistent awards for several reasons. First, it is not clear whether all of the defendants – seven corporations and five individuals – together were joint FLSA "employers." Second, not all defendants have been served with the amended complaint and additional defendants may default. *See* n.1 *supra*. Third, discovery against the non-defaulting defendants may yield evidence relevant to the calculation of plaintiff's damages.[2] Accordingly, any damages inquest against the defaulting defendants should be stayed until all of the defendants' liability has been established in order to avoid inconsistent judgments.

Moreover, plaintiff brings this action on behalf of himself and others similarly situated and may seek certification as a collective action pursuant to 29 U.S.C. § 216(b). Am. Compl.

---

[2] As of today's date, Rule 26(a) automatic disclosures have not yet been served. *See* Minute Entry for 4/21/11 Conf.

¶¶ 1, 2, 10, 11.  If the case is certified, any damages inquest should be held after certification, so that all opt-in plaintiffs have an opportunity to present their damages calculation to the court.

Finally, Federal Rule of Civil Procedure 54(b) provides that "a court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay. . . ."  If plaintiff seeks to proceed with a damages inquest against the defaulting defendants at this stage of the litigation, as opposed to deferring the inquest until the claims against the appearing defendants have been resolved, he shall submit a memorandum of law explaining why this court should conclude that "there is no just reason to delay" pursuant to Rule 54(b).  *See Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 171 (2d Cir. 2002).

For all these reasons, and absent further application by plaintiff, this Court will defer any determination of damages with respect to the defaulting defendants.  Plaintiff shall serve a copy of this Order on all defaulting defendants at their last known addresses.

                                                 **SO ORDERED.**

                                                   /s/
                                          STEVEN M. GOLD
                                          United States Magistrate Judge

Brooklyn, New York
May 5, 2011

*U:\eoc 2011\damages inquests\clarke stay order.docx*